UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION MARC PRYOR,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>Defendant. | NO. CV 17-7566-DSF (AGR)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**BACKGROUND**

On October 16, 2017, Plaintiff, a pro se state inmate, filed a civil rights complaint. Pursuant to the Prison Litigation Reform Act, the Court has screened the complaint to determine whether it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

The Court's screening is governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.
## PLAINTIFF'S STATE-COURT EFFORTS
## TO OBTAIN POSTCONVICTION DISCOVERY

This is the second civil rights complaint filed by Plaintiff on the same subject. He again seeks relief from this court in the wake of his unsuccessful efforts to obtain postconviction discovery in the state courts. *See Pryor v. Los Angeles County District Attorney's Office*, CV 17-0633-DSF (AGR) ("*Pryor I*"). In that case, the Court denied the request to proceed without prepayment of filing fees and dismissed the action for lack of jurisdiction. (Dkt. No. 7 in *Pryor I*.)

According to a hearing transcript attached to the complaint, Plaintiff was sentenced to life without the possibility of parole after a conviction in 1988 based on a murder committed in June 1986 in Los Angeles County Superior Court Case No. A915615. (Dkt. No. 1 at 27-28, 33 (Exh. H), 51, 53 (Exh. J).) On December

28, 1989, the California Court of Appeal affirmed the judgment with sentence modifications. (Case No. B036280.)

In May 2012, Plaintiff apparently sent a California Public Records Act request to the Los Angeles County District Attorney's Office. (Compl. at 2, 10 (Exh. B).) Plaintiff does not disclose what he requested. The response stated that, to receive the 2,865 pages, Plaintiff had to pay the costs and fees pursuant to Cal. Gov't Code § 6253(b). Alternatively, Plaintiff could confer with his counsel to determine whether he was entitled to post-conviction discovery pursuant to Cal. Penal Code § 1054.9. (*Id.* at 10.)

Plaintiff subsequently filed a request for post-conviction discovery pursuant to Cal. Penal Code § 1054.9. On April 13, 2016, pursuant to direction from the California Supreme Court, the California Court of Appeal issued an alternative writ that required the Los Angeles County Superior Court in Case No. A915615 to conduct a full hearing pursuant to Cal. Penal Code § 1054.9 and *Rubio v. Superior Court*, 244 Cal. App. 4th 459 (2016), or else show cause why a peremptory writ of mandate should not issue. (Dkt. No. 1 at 21-22 (Exh. F).)

On July 13, 2016, the Superior Court conducted a hearing after appointing counsel for Plaintiff. At the hearing, Plaintiff's counsel read into the record the nine categories of items requested by Plaintiff. Counsel for Plaintiff and the District Attorney's Office discussed the disposition of each category. (*Id.* at 26-36 (Exh. H).) The court set a further hearing on September 7, 2016 to address open issues. (*Id.* at 40.) On September 7, 2016, the Superior Court issued an order that is not attached to the complaint. (*Id.* at 57 n.4 (Exh. K).)

According to the California Court of Appeal's online docket in Case No. B269919, the petition was dismissed as moot on October 13, 2016 after receipt of a Superior Court order dated September 28, 2016.

On November 3, 2016, Plaintiff filed a petition for review in the California Supreme Court in Case No. S238192. The Court requested an answer. On

3

December 8, 2016, Plaintiff's counsel signed an acknowledgment of receipt of evidentiary materials from the District Attorney's file in the categories discussed at the hearing. (Dkt. No. 1 at 44-49 (Exh. I).) On December 13, 2016, the People filed an answer. On December 27, 2016, Plaintiff filed a reply. On January 11, 2017, the California Supreme Court denied the petition for review. *Pryor v. Superior Court*, 2017 Cal. LEXIS 307 (2017).

In the meantime, on August 22, 2016, Plaintiff apparently filed a motion for protective order pursuant to Cal. Penal Code § 1054.7/1054.6 and a motion for post-conviction DNA testing and appointment of an independent serologist expert in Superior Court Case No. A915616. (Dkt. No. 1 at 55-56 (Exh. K).) On November 28, 2016, the People served a response that opposed appointment of an independent serologist expert on the grounds that the biological evidence had not been shown to exist based on the July 12, 2016 hearing and requested an extension of time to file an opposition to Plaintiff's motion for DNA testing. (*Id.* at 58-60.) Plaintiff does not attach the Superior Court's rulings on his motions.

On January 26, 2017, Plaintiff filed the complaint in *Pryor I* in this court. He requested the sam relief sought in this action. (*Pryor I*, Compl. at 6.) On February 7, 2017, the Court ordered Plaintiff to show cause why the court should not dismiss the action without prejudice for lack of jurisdiction. Plaintiff responded on March 9, 2017. He conceded that his claims relating to the still-ongoing state court proceedings were barred by the doctrine of *Younger v. Harris*, 401 U.S. 37, 45 (1971). However, he argued that the *Rooker-Feldman* doctrine, discussed further below, did not bar review of his claims regarding state court proceedings that had concluded. On May 10, 2017, the Court denied his request to proceed in forma pauperis and dismissed *Pryor I* without prejudice for lack of jurisdiction.

According to California's Appellate Court Case Information database, on June 9, 2017, Petitioner filed a notice of appeal of the Superior Court's "denial of motion [for] dna testing post judgment." On July 21, 2017, the California Court of

| | |
|---|---|
| 1 | Appeal dismissed the appeal in case number B283810. On August 22, 2017, |
| 2 | Plaintiff filed a petition for review. On September 27, 2017, the California |
| 3 | Supreme Court denied the petition for review. (Dkt. No. 1 at 8 (Exh. A).) |
| 4 | On October 16, 2017, Plaintiff filed a complaint and an application to |
| 5 | proceed in forma pauperis. The complaint contains one claim that Defendant |
| 6 | failed to produce discoverable materials to which Plaintiff was entitled in |
| 7 | postconviction proceedings in state court. (Compl. at 2, 6.) Plaintiff seeks |
| 8 | injunctive and declaratory relief that (1) Defendant properly disclose all evidence |
| 9 | in its possession during postconviction proceedings; (2) Defendant produce the |
| 10 | 2,865 pages in Plaintiff's Public Records Act request; (3) Defendant produce the |
| 11 | missing 134 pages that Plaintiff paid in response to Defendant's estimate of costs |
| 12 | dated March 9, 2016; (4) Defendant provide an accounting of the dates of |
| 13 | destruction of physical evidence; and (5) Plaintiff is granted full access to blood |
| 14 | swatches for DNA testing and appointment of an independent forensic expert. |
| 15 | (Dkt. No. 1 at 6.) |

### III.
### **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM**

To state a violation of 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although Plaintiff alleges that he "was entitled to" the materials he sought in state court and now seeks here, he does not explain any federal legal basis for his entitlement. (Compl. at 2, 6.)

To the extent Plaintiff contends that the state courts erred in rejecting his claims for postconviction discovery, his claim is not cognizable pursuant to the *Rooker-Feldman* doctrine, as this court explained in *Pryor I*. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi*

*Basic Industries, Inc.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Morrison v. Peterson*, 809 F.3d 1059, 1070 (9th Cir. 2015) ("Because Morrison does not seek an order that he be allowed DNA testing, but instead seeks to invalidate the DNA testing statute on federal constitutional grounds, his claim is not barred by *Rooker-Feldman*.").

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal [from a state court judgment], but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). To determine whether a claim constitutes a de facto appeal, a court examines whether "'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Id.* at 779 (citation omitted). "Thus, we have found claims inextricably intertwined where '"the relief requested in the federal action would effectively reverse the state court decision or void its ruling."'" *Id.* (citation omitted).

The Supreme Court has held that a prisoner can bring a postconviction claim for DNA testing under § 1983 on the "slim" ground "that the governing state law denies him procedural due process." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (holding that *District Attorney's Office v. Osborne*, 557 U.S. 52, 72 (2009) rejected application of substantive due process to this area).[1] Procedural due process "is not an end in itself, so a necessary premise of this argument is that he has an entitlement (what our precedents call a 'liberty interest') to prove his innocence even after a fair trial has proved otherwise." *Osborne*, 557 U.S. at 67; *Id.* at 72-75 (rejecting freestanding right to DNA evidence "untethered from the

---

[1] The Court held that the *Roker-Feldman* doctrine did not bar such a claim. *Skinner*, 562 at 531-33.

liberty interests he hopes to vindicate"); *Morrison*, 809 F.3d at 1065 (same).

The Supreme Court held that a prisoner has "a liberty interest in demonstrating his innocence with new evidence under state law." *Osborne*, 557 U.S. at 68; *Morrison*, 809 F.3d at 1065 (noting California did not dispute existence of liberty interest as in *Osborne*).

However, "'when a State chooses to offer help to those seeking relief from convictions,' due process does not 'dictat[e] the exact form such assistance must assume.'" *Osborne*, 557 U.S. at 69 (citation omitted). "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive right provided." *Id.* (analyzing Alaska's procedures). The question is whether the state's procedure "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Id.* (citation omitted); *Morrison*, 809 F.3d at 1065; *see also Skinner*, 562 U.S. at 530 (noting plaintiff's procedural due process claim did not challenge prosecutor's conduct or state court's decision).

Plaintiff's complaint does not allege any reason why he seeks any postconviction discovery and does not contain any allegations from which this court can discern a liberty interest. The complaint does not identify any allegedly inadequate California postconviction discovery procedure or requirement. The complaint does not allege any facts indicating that a California postconviction discovery procedure or requirement is inadequate to vindicate a liberty interest. *See Osborne*, 557 U.S. at 71; *Morrison*, 809 F.3d at 1064-71 (analyzing procedural due process challenge to Cal. Penal Code § 1405); *Alford v. Carlton*, 586 Fed. Appx. 438, 438 (9th Cir. 2014) (affirming dismissal of § 1983 complaint for failure to allege facts sufficient to state procedural due process claim for relief under *Osborne*); *Tarkington v. Smith*, 584 Fed. Appx. 736, 736-37 (9th Cir. 2014) (affirming dismissal and denial of leave to amend complaint); *Henderson v. DA*

7

*Office*, 576 Fed. Appx. 666, 667 (9th Cir. 2014) (same).  Moreover, to the extent Plaintiff relies on the California Public Records Act ("CPRA"), cases have noted the absence of any authority that the CPRA gives rise to a protectible liberty interest in postconviction discovery.  *See Miramontes v. Zellerbach*, 2014 U.S. Dist. LEXIS 25183, \*20-\*21 (E.D. Cal. Jan. 8, 2014) (collecting cases).

## IV.
## ORDER

For the reasons discussed above, the Court dismisses the complaint with leave to file a First Amended Complaint that cures these deficiencies within 30 days after entry of this order.

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," must correct the aforementioned pleading deficiencies, and be complete in and of itself without reference to the original complaint, attachment, pleading or other document.

The Clerk is DIRECTED to provide Plaintiff with a prisoner civil rights packet.

**Plaintiff is advised that if he fails to file a timely and corrective First Amended Complaint within 30 days after entry of this order, this action may be dismissed.**

11/14/17

DATED: _____, 2017   _____
DALE S. FISCHER
United States District Judge